O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATORBE AARON ISIBOR,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY CITIZENSHIP AMD IMMIGRATION SERVICES,<br><br>Defendant. | CASE NO. SACV 10-1665-JST (VBKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**I. INTRODUCTION**

This case involves the United States Department of Homeland Security, Citizenship and Immigration Services' ("USCIS") denial of a Form I-485 adjustment of status application filed by Plaintiff Atorbe Aaron Isibor, a Sierra Leone national. Plaintiff brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706, seeking an order to compel the USCIS to reopen Plaintiff's Form I-485 application. (*See generally* Compl., Doc. 1.) The parties have each filed a motion for summary judgment. (Docs. 15, 16.) The parties have filed respective oppositions (Docs. 18, 19), and the USCIS has filed a reply in support of its motion. Having considered the parties' briefs and heard oral argument, the Court GRANTS the USCIS's motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

**II. BACKGROUND**

The material facts are undisputed in this case. (*See* Stipulated Joint Statement of Undisputed Material Facts, Doc. 12.) On September 22, 2003, an Immigration Judge ordered Plaintiff removed from the United States. (*Id.* ¶ 1.) Following the removal order, Plaintiff remained in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 2.) For reasons not apparent from the record, ICE was unable to remove Plaintiff, and on April 30, 2004, ICE released Plaintiff pending his removal from the United States. (*Id.* ¶¶ 2-3.) Upon release, ICE provided Plaintiff with a "Decision of Post Order Custody Review – Release," which stated that his release did not affect Plaintiff's removal order and did not constitute an admission to the United States. (*Id.* ¶ 4.) Plaintiff was not required to post any bond to secure his release from ICE custody, nor was he issued a Form I-94, Arrival-Departure Record, upon his release. (*Id.* ¶¶ 5-6.)

After his release from ICE custody, Plaintiff married Alicia Edwards, a United States citizen. (*Id.* ¶ 7(i).) Following the marriage, Ms. Edwards filed for Plaintiff a Form I-130 petition for an immigrant visa, and Plaintiff concurrently filed a Form I-485

2

application to adjust his status to that of a lawful permanent resident. (*Id.*) Plaintiff and Ms. Edwards subsequently appeared at USCIS in Santa Ana, California, for an interview for the Form I-130 petition, at which time the USCIS approved the Form I-130 petition. (*Id.* ¶ 8.) The USCIS interviewed Plaintiff a second time regarding his Form I-485 application. (*Id.* ¶ 7(ii).)

On July 12, 2010, the USCIS denied Plaintiff's Form I-485 application on the grounds that he was never admitted or paroled into the United States for purposes of 8 U.S.C. § 1255. (*Id.* ¶ 9.) The USCIS determined that Plaintiff was a "conditional parolee" pursuant to 8 U.S.C. § 1226(a)(2)(B) and therefore statutorily ineligible for adjustment of status. (*Id.*) Plaintiff filed a motion to reopen with the USCIS, arguing that he was a parolee under 8 U.S.C. § 1182(d)(5)(a), rather than a conditional parolee under § 1226(a)(2)(B), and therefore eligible for adjustment of status. (*Id.* ¶ 10.) On September 30, 2010, the USCIS denied Plaintiff's motion to reopen and maintained its original decision denying Plaintiff's Form I-485 petition. (*Id.* ¶ 11.) On October 29, 2010, Plaintiff filed the Complaint in this matter. (Doc. 1.)

### III. LEGAL STANDARD

A district court may resolve at summary judgment a challenge to a final agency decision under the APA. *See Occidental Eng'g Co. v. INS.*, 753 F.2d 766, 770 (9th Cir. 1985) ("[S]ummary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did."). Because a district court "is not required to resolve any facts in review of an administrative proceeding," *id.* at 769, "summary judgment becomes the 'mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.'" *San Luis & Delta-Mendota Water Auth.*, 760 F. Supp. 2d 855, 868 (E.D. Cal. 2010) (quoting *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006)). Thus, "the function of the district court is to determine whether

or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental*, 753 F.2d at 769.

"Under the APA, [a court] will reverse an agency's action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or if its factual findings are 'unsupported by substantial evidence." *Love Korean Church v. Chertoff*, 549 F.3d 749, 754 (9th Cir. 2008) (internal citations and quotation marks omitted); *see* 5 U.S.C. § 706(2)(A). This standard of review is "highly deferential" and "presum[es] the agency action to be valid." *Cal. Wilderness Coalition v. U.S. Dept. of Energy*, 631 F.3d 1072, 1084 (9th Cir. 2011) (quoting *Nw. Ecosystem Alliance v. U.S. Fish and Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007)). A court "may not substitute [its] judgment for that of the agency," but instead must "affirm the agency action if a reasonable basis exists for its decision." *Id.* The court's "task is simply to ensure that the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Id.*; *see Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 956 (9th Cir. 2011) (An "agency action will not be reversed as arbitrary and capricious where the agency is able to demonstrate a 'rational connection between the facts found and the conclusions made.'" (quoting *Native Ecosystems Council v. U.S. Forest Service*, 418 F.3d 953, 960 (9th Cir. 2005))). Courts "will reverse a decision as arbitrary and capricious only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Sierra Forest Legacy v. Sherman*, --- F.3d ----, 2011 WL 2041149, at *9 (9th Cir. May 26, 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).

"[W]hen reviewing agency action under the APA, [a court] must take 'due account' of the harmless error rule." *Cal. Wilderness*, 631 F.3d at 1090 (citing *Paulsen v. Daniels*, 413 F.3d 999, 1006 (9th Cir. 2005)); *see* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party,

and due account shall be taken of the rule of prejudicial error."). An error is harmless only where the agency's mistake "clearly had no bearing on the procedure used or the substance of the decision reached." *Id.* (citing *Paulsen*, 413 F.3d at 1006-1008). The petitioner bears the burden of showing that an agency's error was not harmless. *Id.* at 1092.

## IV. DISCUSSION

"Adjustment of status provides a means for certain aliens present in the United States to become lawful permanent residents." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1114 (9th Cir. 2007). Under 8 U.S.C. § 1255(a), the Attorney General, in his discretion, can adjust the status of an alien "who was inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a). Plaintiff does not argue that he was inspected and admitted into the United States. Rather, he asserts that was paroled into the United States pursuant to 8 U.S.C. § 1182(d) and therefore is eligible for adjustment of status. Plaintiff argues that, in denying his adjustment of status, the USCIS came to the erroneous conclusion that Plaintiff was a conditional parolee under 8 U.S.C. § 1226(a), rather than a parolee pursuant to 8 U.S.C. § 1182(d). Based on this error, Plaintiff asserts that the USCIS should reopen the proceedings on his Form I-485 application. (Pl.'s Mot. at 6, 12-14.)

The USCIS admits that the agency erroneously determined that Plaintiff was a conditional parolee in denying his application for an adjustment of status, but maintains that Plaintiff is not a parolee under §1182(d) and therefore is not eligible for adjustment of status regardless. (Def.'s Mot. at 9.) Accordingly, the USCIS contends that such error in determining that Plaintiff was a conditional parolee was harmless because the decision to deny Plaintiff's adjustment of status was supported by the record and was in accordance with the law, and that the agency's result would have been the same if it cited to the proper statute that governs the post-removal temporary release of aliens, 8 U.S.C. § 1231(a)(1)(A).

The Court need not decide whether the USCIS released Plaintiff pursuant to 8 U.S.C. § 1231(a)(1)(A). Instead, the question is whether, in denying Plaintiff's adjustment of status application, the agency's erroneous determination that Plaintiff was a conditional parolee under § 1226(a)(2)(B) was harmless error, or whether such determination resulted in the USCIS's decision to deny Plaintiff's adjustment of status being arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. *See Love Korean Church*, 549 F.3d at 754 (9th Cir. 2008). The Court concludes that it was harmless error.

Sections 1182(d)(5)(A) and 1226(a)(2)(B) are the only two provisions of the immigration laws that authorize the parole of aliens. *Ortega-Cervantes*, 501 F.3d at 1114. Likewise, "adjustment of status is available only to aliens who are 'paroled into the United States' pursuant to § 1182(d)(5)(A)." *Id.* at 1116 (quoting 8 U.S.C. § 1182(d)). Both parties agree that Plaintiff is not a conditional parolee under § 1226(a)(2)(B). (Def.'s Mot. at 9; Pl.'s Mot. at 14-15.) Indeed, conditional parole under § 1226(a)(2)(B) applies only to individuals who are "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Because an Immigration Judge had already made the decision regarding Plaintiff's removal before the USCIS's determination on Plaintiff's adjustment of status, §1226(a) was inapplicable to the agency's analysis. Accordingly, the USCIS's determination that Plaintiff was a conditional parolee was clear error as such explanation ran counter to the evidence before the agency. *See Sierra Forest*, 2011 WL 2041149, at *9. In light of this error, Plaintiff has the burden of showing that such error was not harmless. *Cal. Wilderness*, 631 F.3d at 1092.

Plaintiff contends that, when denying his adjustment of status, the USCIS both relied on an incorrect provision of the Immigration and National Act and cited to inapplicable case law. (Pl.'s Mot. at 19-20.) As to the second point, Plaintiff fails to provide any authority that holds that an agency's citing to purportedly inapplicable case law results in an arbitrary and capricious decision or an abuse of discretion. Moreover, the main authority upon which the USCIS's notice of decision relied was *Ortega-Cervantes*,

6

which is directly relevant to this case. The court in *Ortega-Cervantes* dealt with similar facts as here. The court had to determine whether the Immigration and Naturalization Service ("INS"), the predecessor to ICE, paroled the plaintiff, a Mexican national, under § 1182(d)(5)(A) or § 1226(a) and, in addition, whether a conditional parolee under § 1226(a) was eligible for adjustment of status under § 1255(a). *See Ortega-Cervantes*, 501 F.3d at 1112-1113. The court determined that the plaintiff was a conditional parolee under § 1226(a) and, likewise, that a conditional parolee was not eligible for adjustment of status under § 1255(a). *Id.* at 1116-17. Thus, *Ortega-Cervantes* was applicable to the USCIS's determination of whether Plaintiff was eligible for adjustment of status and the agency's reliance on the case was reasonable, even if misguided.

As to the USCIS's determination that Plaintiff was a conditional parolee under § 1226(a), Plaintiff fails to show how this mistake had any bearing on the procedure that the USCIS used or the substance of its decision in denying Plaintiff's adjustment of status application. *See Cal. Wilderness Coalition*, 631 F.3d at 1090. The USCIS has recognized its error in determining that Plaintiff was a conditional parolee; the agency maintains that, despite this error, its ultimate decision to deny Plaintiff's adjustment of status was correct because Plaintiff fails show that any other outcome would be warranted. Plaintiff's sole countervailing argument is that he is a parolee under § 1182(d)(5)(A). The plain language of § 1182(d)(5)(A) and the facts of this case, however, prove otherwise.

Section 1182(d)(5)(A) provides that the "The Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ." 8 U.S.C. § 1182(d)(5)(A). After such parole is concluded, the "alien shall forthwith return or be returned to the custody from which he was paroled and *thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.*" *Id.* (emphasis added). Here, Plaintiff is no longer an "applicant for admission to the United States" as an Immigration Judge has already ordered his removal

from the United States. Accordingly, Plaintiff cannot be a parolee under § 1182(d)(5)(A). Further, no evidence in the record shows that Plaintiff is a parolee under § 1182(d)(5)(A). The letter provided to Plaintiff upon his release from ICE custody makes no mention of the word "parole," "parolee," or "§ 1182(d)(5)(A)." (Stipulated Joint Statement of Undisputed Material Facts, Exh. 3). Nor was Plaintiff issued an I-94 card, "which is typically given to § 1182(d)(5)(A) parolees." *Ortega-Cervantes*, 501 F.3d at 1115 (in concluding that plaintiff was not a § 1182(d)(5)(A) parolee, noting that "none of the forms issued to [plaintiff] makes any reference whatsoever to 'parole into the United States' under § 1182(d)(5)(A) and immigration officials did not issue [plaintiff] an I-94 card").

Because Plaintiff cannot show that he was formally paroled into the United States and therefore eligible for adjustment of status under § 1255(a), Plaintiff fails to show that the USCIS's determination that he was a conditional parolee under §1226(a) in the context of denying his adjustment of status was anything but harmless error that "clearly had no bearing on the procedure used or the substance of the decision reached." *Cal. Wilderness*, 631 F.3d at 1090 (citing *Paulsen*, 413 F.3d at 1006-1008). As a result, summary judgment in favor of the USCIS is warranted.

## V. CONCLUSION

Accordingly, the Court GRANTS the USCIS's motion for summary judgment and DENIES Plaintiff's motion for summary judgment. The USCIS shall prepare and submit a proposed judgment consistent with this order.

DATED: June 14, 2011

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE